IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-395-CR




ROBERTO RAUL MARTINEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR92-293, HONORABLE MACE B. THURMAN, JUDGE PRESIDING


 





PER CURIAM

 Appellant was one of a group of persons who attacked Charles Saunders on the
night of September 27, 1992. During the assault, appellant stabbed Saunders in the chest with a
knife, narrowly missing the heart. The jury that heard this evidence found appellant guilty of
aggravated assault and assessed punishment at imprisonment for ten years and a $10,000 fine. 
Tex. Penal Code Ann. § 22.02(a)(1) (West 1994). (1) 

 In two points of error, appellant contends he did not receive effective assistance of
counsel at either stage of trial. To prevail on a claim of ineffective assistance of counsel at the
guilt stage, an appellant must show that counsel made such serious errors that he was not
functioning effectively as counsel and that these errors prejudiced the appellant's defense to such
a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). The prejudice component of the Strickland test does not apply to
claims of ineffectiveness at the punishment stage. Ex parte Cruz, 739 S.W.2d 53, 58 (Tex. Crim.
App. 1987); Ex parte Duffy, 607 S.W.2d 507, 514 n.14 (Tex. Crim. App. 1980).

 With regard to counsel's performance at the guilt stage, appellant complains
principally of counsel's failure to secure the testimony of Maria Lara. Lara testified at the hearing
on appellant's motion for new trial that she was with appellant on the night of the alleged offense
and that appellant did not attack Saunders. According to Lara, appellant attempted to break up
a fight between Saunders and his wife during which the wife stabbed Saunders. Lara was
subpoenaed to testify at trial, but she failed to timely appear because of a conflicting medical
appointment. Both sides had closed by the time she arrived at the courthouse and defense counsel
declined the court's offer to reopen. 

 Counsel testified that he attempted to interview Lara before trial, but she refused
to talk to him on the one occasion he was able to locate her. Counsel stated that he decided not
to call Lara as a witness because she had a criminal record and "was not the kind of witness that
I would have felt comfortable putting on without having an opportunity to review the record and
understand a little more about her." In addition, the victim's son, who witnessed the assault,
testified at trial that he did not see appellant wield a knife and counsel "thought that was much
stronger in terms of establishing a reasonable doubt than Ms. Lara's testimony and her credibility
would give." Appellant has failed to demonstrate that counsel's failure to call Lara as a witness
was not sound trial strategy under the circumstances. See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).

 Appellant contends that counsel did not confer with appellant "in a manner
consistent with the gravity of the case," but appellant did not testify at the new trial hearing and
he cites no evidence to support this contention. Appellant notes that three other persons who were
involved in the attack on Saunders were not called as witnesses and were "presumably not
interviewed." He also asserts that it is "highly questionable" whether trial counsel interviewed
the State's witnesses before trial. In fact, appellant states that defense counsel had no knowledge
of the facts of the case. These contentions are mere speculation. Other than the testimony
described above regarding counsel's attempt to interview Lara, there is no evidence in the record
concerning counsel's trial preparation. 

 Appellant's criticism of counsel's handling of the punishment phase of trial centers
on the testimony of appellant's father, who was called by the defense. Fernando Martinez testified
that, to his knowledge, appellant was a peaceable and law-abiding person who had never been
involved in fights. During cross-examination, the prosecutor asked the witness if he knew that
his son had been arrested fourteen times in the preceding ten years for such offenses as theft and
assault. Martinez stated that he was unaware of this. Appellant argues that it was ineffectiveness
for counsel to question Martinez in a manner that opened the door for cross-examination about
appellant's arrest record. Appellant also complains that counsel failed to "explain away"
appellant's arrests or to offer any other favorable evidence at the punishment stage.

 Once again, trial counsel was not questioned with regard to his decision to call
Martinez and there is no evidence as to what counsel knew or did not know concerning appellant's
previous arrests. There is no showing in the record that other evidence favorable to appellant was
available. 

 Appellant has failed to overcome the presumption that counsel was acting within
the broad range of reasonable professional assistance. Jackson, 877 S.W.2d at 771. Points of
error one and two are overruled.

 The judgment of conviction is affirmed. 


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 7, 1994

Do Not Publish

1. That portion of section 22.02 that applies to this cause was unchanged by the 1994
amendments and the present code is cited for convenience.